[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15359
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00086-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH J. HUDSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2013)

Before CARNES, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth J. Hudson appeals the procedural and substantive reasonableness of

his 210-month sentence, imposed following his convictions at trial for possession

of a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1).  Although the district court granted Hudson a 52-month downward variance from his sentencing guidelines range of 262 to 327 months imprisonment that applied due to his undisputed status as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, Hudson contends that any sentence above the 15-year statutory minimum would be unreasonable and greater than necessary to accomplish the goals of sentencing, and that the court failed to adequately explain its reasons for imposing a sentence above the statutory minimum.  In support of his claims of error, Hudson cites the age of his prior felony convictions; the small amounts of drugs involved in his past and current drug offenses; the support he has given to his minor daughters; his intellectual, psychological, and "emotional handicaps"; and the increased costs to the government of incarcerating him beyond the 15-year mandatory minimum.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007), and the party challenging the sentence bears the burden of establishing that it is unreasonable, United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence may be procedurally unreasonable if the district court fails to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) or fails to "adequately explain the chosen sentence—including an explanation for any deviation from the

2

Guidelines range." Gall, 552 U.S. at 51, 128 S.Ct. at 597. In explaining the chosen sentence, the district court should say enough to satisfy the reviewing court that it has considered the parties' arguments and has a reasoned basis for making its decision, Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007), though "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The substantive reasonableness of a sentence is examined in light of the totality of the circumstances and the § 3553(a) factors. Gall, 552 U.S. at 51, 128 S.Ct. at 597. Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guidelines range. Id. § 3553(a). We will not vacate a sentence as substantively unreasonable unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences

3

dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Hudson has not demonstrated that his sentence is procedurally or substantively unreasonable. The district court explained that it had considered the § 3553(a) factors and the advisory guidelines range, and, in granting a 52-month downward variance, specifically cited the age of Hudson's prior felony convictions, the small amount of crack cocaine involved in his career-criminal predicate drug offenses, the fact that Hudson had "lived for substantial periods of time crime free," and that his private life had "otherwise been reasonably conducted." The court's explanation for its chosen sentence, including the extent of the deviation from the guidelines range, was adequate. See Rita, 551 U.S. at 356, 127 S.Ct. at 2468; Scott, 426 F.3d at 1329. The court was not required to specifically state why it did not further deviate from the guidelines range down to the statutory minimum.

The sentence is also not unreasonably high. Because we ordinarily expect within-guidelines sentences to be substantively reasonable, United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008), it follows that we would certainly expect a below-guidelines sentence, such as Hudson's, not to be unreasonably severe. Hudson's sentence is well below the applicable guidelines range and even further below the statutory maximum of life imprisonment, which itself is

4

indicative of a reasonable sentence.  See id.  It also adequately reflects his long history of criminal activity, which includes a 1994 conviction for possession of cocaine; 1995 convictions for aggravated assault with a firearm, possession of marijuana, and obstructing an officer without violence; 2001 convictions for the sale and possession of cocaine; a 2008 conviction for carrying a concealed weapon; and a 2011 conviction for obstructing or resisting an officer without violence.  Hudson's previous sentences of imprisonment, which totaled over 8 years, have clearly failed to deter him from violating the law, which raises legitimate concerns about recidivism.  We are far from convinced that his significantly below-guidelines sentence of 210 months imprisonment is unreasonably high in light of the § 3553(a) factors, particularly his history, characteristics, and the need to afford adequate deterrence, protect the public from his criminal conduct, and promote respect for the law.  We therefore affirm his sentence of 210 months imprisonment.  See Irey, 612 F.3d at 1190.

**AFFIRMED.**